UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DANIEL LOPEZ LINO,** | Civil Action No. 25-18518 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **LUIS SOTO, et al.,** | |
| Respondents. | |

**IT APPEARING THAT:**

1. This Court granted Petitioner Daniel Lopez Lino's petition for a writ of habeas corpus on December 12, 2025. (ECF No. 3). Respondents were ordered to consider Petitioner as detained pursuant to 8 U.S.C. § 1226(a) and provide him with an individualized bond hearing before an immigration judge. (*Id.*)

2. Petitioner appeared before Immigration Judge Ramin Rastegar on December 17, 2025. Judge Rastegar concluded that Petitioner was a flight risk and denied Petitioner bond. (ECF No. 10 at 25).

3. On December 19, 2025, Petitioner filed a letter on the docket in these proceedings arguing that he did not receive due process during his bond hearing and asked this Court to order his immediate release. (ECF No. 8). This Court construes the letter as a motion to enforce the judgment ("Motion").

4. Respondents filed opposition to the Motion on December 31, 2025. (ECF No. 11).

5. This Court lacks jurisdiction to review any discretionary determinations underlying the immigration judge's bond decision, but it can review whether the bond hearing was

fundamentally unfair in violation of this Court's order. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

6. After review of the parties' submissions and consideration of the parties' arguments, this Court concludes that Petitioner has not shown that his bond hearing was fundamentally unfair.

7. In a fundamentally fair bond hearing, due process has three essential elements. The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his interests." *Ghanem*, 2022 WL 574624, at *2.

8. Petitioner submitted documents to the immigration court, including his marriage certificate and birth certificates for his three children. (ECF No. 10 at 17). Petitioner's wife and children are United States citizens. (*Id.*) Petitioner also submitted his Mexican passport, a few tax returns, and letters from his in-laws, and other documents. (*Id.* at 18-19).

9. Petitioner's counsel presented the documents to Judge Rastegar for review and made arguments on Petitioner's behalf. (*See id.* at 20-21). Petitioner also addressed Judge Rastegar directly. (*Id.* at 22-23).

10. Petitioner argues Judge Rastegar "conducted a proceeding that was neither neutral nor meaningful—it functioned as a foregone conclusion: bond denied." (*Id.* at 2). He asserts Judge Rastegar disregarded his familial ties and that Judge Rastegar's reasons for finding Petitioner to be a flight risk are insufficient. (*Id.*)

11. Judge Rastegar acknowledged Petitioner's "very important and significant family ties," but concluded Petitioner was a flight risk because he ran from officers when they tried to

arrest him. (*Id.* at 23-24). He further concluded that Petitioner's explanation for the alleged flight did not "make a lot of sense." (*Id.* at 22).

12. Petitioner's arguments are challenges to Judge Rastegar's credibility determination and weighing of the evidence, which are discretionary determinations beyond this Court's review. 8 U.S.C. § 1226(e); *see also Ghanem*, 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order.")

13. This Court does not express any opinion on whether Judge Rastegar came to the correct conclusion, but the record compels a finding that Petitioner received an individualized bond hearing as ordered by this Court. Any challenge to the decision must be presented to the Board of Immigration Appeals.

14. Therefore, this Court will deny the Motion.

15. An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: January 8, 2026

3